## Allen BUSHWEILER, Plaintiff-Respondent,

### v.

## POLK COUNTY BANK, Defendant-Appellant.

Court of Appeals

*No. 85–0343. Submitted on briefs November 18, 1985.—*
*Decided February 11, 1986.*
(Also reported in 384 N.W.2d 717.)

For the appellant there were briefs by *Grindell Law Offices, S.C.,* and *John Grindell* of Frederic.

For the respondent there was a brief by *Maki & Ludvigson, S.C.,* and *Barry Cohen* of Osceola.

Before Cane, P.J., Dean and LaRocque, JJ.

LaROCQUE, J.   Polk County Bank appeals a trial court judgment finding it to be a negligent bailee for allowing third persons to carry away personal property from the bank's possession without the consent of the owner, Allen Bushweiler. We conclude that the bank was a bailee and failed to exercise the standard of care required and therefore affirm.

Bushweiler originally rented storage space from a shed owner for an unspecified period for sixty dollars. Bushweiler described his original permission to store the property in the shed as "sort of a favor, plus . . . $60.00." Thereafter the bank obtained legal possession of the shed and rerented it to Michael Sinda, who in turn permitted two strangers to remove Bushweiler's property without requiring proof of ownership. It is un-

disputed that Sinda advised the bank of the presence of another's property stored in the shed and that the bank took no steps to identify the owner prior to the loss. The trial court found the bank negligent as a bailee and awarded damages.

We conclude that the bank was a gratuitous bailee and owed a duty of care to Bushweiler. A bailment is created by delivery of personal property from one person to another, to be held temporarily for the benefit of the bailee, the bailor, or both under a contract, express or implied. *Burns v. State,* 145 Wis. 373, 380–81, 128 N.W. 987, 990 (1911). The bank argues that there was no delivery. Delivery occurs when there is a temporary transfer of possession. *See Moore v. Relish,* 53 Wis.2d 634, 639, 193 N.W.2d 691, 693 (1972). Possession is the act of having or taking into control. Webster's Third New International Dictionary 1770 (1976). The bank exercised control when, upon learning of the property, it told Sinda to "roll it into the corner . . . get it out of your way." The real issue therefore is not whether there was a bailment, but the extent of the bank's duty of care as a bailee.

It is a cardinal principle that the amount of diligence required of a bailee hinges on the question of compensation, if any, paid to him. Accordingly, three different standards of care arise: slight, where the bailment is for the sole benefit of the bailor; ordinary, where it is for the mutual benefit of bailor and bailee; and great, where it is for the sole benefit of the bailee. *Smith v. Poor Hand Maids of Jesus Christ,* 193 Wis. 63, 67, 213 N.W. 667, 668 (1927). While *Smith* speaks of the slight care required of a gratuitous bailee in terms of gross negligence, a doctrine since abolished in Wiscon-

359

sin, *Bielski v. Schulze,* 16 Wis.2d 1, 14, 114 N.W.2d 105, 111–12 (1962), there still remains a diminished duty of care from a gratuitous bailee. As *Bielski* suggests, 16 Wis.2d at 17, 114 N.W.2d at 113, the conduct in question should be considered as ordinary negligence.

The question whether the bank was negligent is a mixed question of law and fact. *Millonig v. Bakken,* 112 Wis.2d 445, 450, 334 N.W.2d 80, 83 (1983). The factual findings in the case of a mixed question will not be overturned unless clearly erroneous. *See Department of Revenue v. Exxon Corp.,* 90 Wis.2d 700, 713, 281 N.W.2d 94, 101 (1979); sec. 805.17(2), Stats. Whether the facts fulfill a particular legal standard is a question of law. *Nottelson v. DILHR,* 94 Wis.2d 106, 115–16, 287 N.W.2d 763, 768 (1980). Ordinarily, an appellate court is not bound by a trial court's conclusions of law but decides the matter de novo. *Green Scapular Crusade, Inc. v. Town of Palmyra,* 118 Wis.2d 135, 138, 345 N.W.2d 523, 525 (Ct. App. 1984). Where a legal conclusion is intertwined with the factual findings, however, the appellate court will give weight to the trial court's decision, although the trial court's decision is not controlling. *Wassenaar v. Panos,* 111 Wis.2d 518, 525, 331 N.W.2d 357, 361 (1983).

Common sense and case law suggest that what is reasonable care depends in part on the nature, value, and quality of the thing bailed and the peculiar facts of the case. *See* 8 Am. Jur. 2d *Bailments* § 225, at 956 (1980). The bank does not contest the trial court's findings that the property in this case had a value of approximately $3,000. The undisputed evidence indicates that the bank, upon learning of the presence of Bush-

weiler's property, made no attempt to identify the owner nor instruct how to preserve or protect it. We conclude as a matter of law that the trial court's finding of negligence, even under the slight duty of care standard, was correct.

Finally, the bank argues that the trial court abused its discretion by refusing to allow the bank to amend the pleadings to allege contributory negligence after the court filed its decision in the form of a memorandum opinion. Section 802.09(2), Stats., provides in part:

> If issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues.

We have examined the entire record, and nowhere does it appear that the issue of contributory negligence was tried either by express or implied consent. Section 802.09(2) is therefore not applicable. Generally, matters of defense not called to the attention of the trial court and the opposing party during trial are waived and cannot thereafter be urged as grounds for a new trial or for reversal of judgment on appeal. *State v. Conway,* 34 Wis.2d 76, 82–83, 148 N.W.2d 721, 724 (1967).

*By the Court.*—Judgment affirmed.