Barbara M. BORCHARDT, Plaintiff-Respondent,†

v.

Gerald P. and Patricia A. WILK, Defendants-Appellants.

Court of Appeals

*No. 89-1745. Submitted on briefs February 5, 1990.—Decided April 25, 1990.*

(Also reported in 456 N.W.2d 653.)

†Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *John C. Tritschler* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William S. Mautner* of Milwaukee.

Before Nettesheim, P.J., Brown and Scott, JJ.

NETTESHEIM, P.J.   Gerald and Patricia Wilk appeal from a judgment awarding Barbara Borchardt her full attorney's fees in Borchardt's suit on a promissory note and mortgage. The Wilks argue that Borchardt is not entitled to attorney's fees under the note and mortgage because Borchardt's claim was defeated by the Wilks' successful counterclaim. Since Borchardt's recovery was greater than the Wilks' counterclaim recovery, we conclude that Borchardt's attorney's fees recovery should be in proportion to her net recovery. Accordingly, we reverse the judgment and remand for reassessment of attorney's fees.

Borchardt sold her home to the Wilks and accepted a promissory note and second mortgage from the Wilks to secure the final $8625 of the purchase price. Less than one year later the Wilks ceased payments to Borchardt. Borchardt sued for the balance due on the note and for her costs and expenses, including her attorney's fees.[1] By answer, the Wilks asserted affirmative defenses of fraud

---

[1]Borchardt sued for both the balance due on the note and foreclosure on the mortgage. Apparently the foreclosure aspect of

and nondisclosure relating to the property's septic system. The Wilks also counterclaimed against Borchardt, alleging strict responsibility, intentional and negligent misrepresentation with regard to the septic system.

Borchardt's complaint and the Wilks' counterclaim were tried jointly to a jury. During the trial, based upon the Wilks' stipulation of nonpayment under the note, the trial court ruled that Borchardt was entitled to judgment on the note for the principal balance plus interest, totaling $9469.20. Therefore, the only matters submitted to the jury were the Wilks' counterclaims of intentional misrepresentation, strict responsibility and negligent misrepresentation.

The jury found Borchardt liable only as to the negligent misrepresentation claim. The jury apportioned sixty percent causal negligence to Borchardt and forty percent causal contributory negligence to the Wilks. The jury fixed the Wilks' damages at $15,000. After reducing these damages by the Wilks' forty percent contributory negligence, the trial court awarded the Wilks $9000 on their counterclaim. Thus, Borchardt's complaint recovery exceeded the Wilks' counterclaim recovery by $469.20.

On motions after verdict, Borchardt requested her full attorney's fees pursuant to clauses in the note and mortgage. The trial court granted the motion and awarded Borchardt $5890 in attorney's fees. This award represented Borchardt's attorney's fees for prosecuting her claim on the note *and* defending against the Wilks' counterclaim. The court then offset the Wilks' counterclaim recovery against Borchardt's total recovery, including her attorney's fees, and entered judgment in

Borchardt's action was not pursued because the judgment recites only a money judgment against the Wilks.

423

favor of Borchardt for the excess, $6254.79. The court calculated the final judgment as follows:

| | |
|---|---|
| Borchardt's damages (note) | $ 9469.20 |
| Borchardt's attorney's fees | $ 5890.00 |
| Borchardt's taxable costs | $ 263.19 |
| Borchardt's total recovery | $15622.39 |
| Wilks' damages (counterclaim) | $ 9000.00 |
| Wilks' statutory costs | $ 267.60 |
| Wilks' statutory attorney's fee | $ 100.00 |
| Wilks' total recovery | $ 9367.60 |
| Net Judgment to Borchardt | $ 6254.79 |

The Wilks appeal.

As a preliminary matter, we address the Wilks' assertion that their counterclaim recovery should have been computed so as to completely offset Borchardt's recovery. They argue that Borchardt's recovery should be limited to the amount due as of the day issue was joined. The Wilks contend that this would reduce Borchardt's recovery on the note to $8477.32, an amount less than the Wilks' recovery on their counterclaim. However, the Wilks never raised this argument in the trial court; thus they have waived the right to appellate review of this issue. *Zeller v. Northrup King Co.,* 125 Wis. 2d 31, 35, 370 N.W.2d 809, 812 (Ct. App. 1985).

We now address the principal issue: whether the $5890 award of attorney's fees to Borchardt was proper.[2] The trial court awarded Borchardt her actual attorney's

---

[2]The Wilks also argue that "the trial court erred in its decision granting Borchardt the entirety of her legal fees and costs." However, the Wilks make no argument as to the costs and, in their reply brief, state that the issue on appeal is only recovery of

fees pursuant to provisions of the promissory note and mortgage which stated:

## [PROMISSORY NOTE]

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

. . ..

**(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## [MORTGAGE]

In case of default, whether abated or not, all expenses including reasonable attorneys' fees and expenses of title evidence to the extent not prohibited by law shall be added to the principal, become due as incurred, and, in the event of foreclosure, be included in the judgment.

The Wilks argue that attorney's fees should not have been awarded to Borchardt under these provisions because their recovery on the counterclaim served to defeat Borchardt's claim under the note and mortgage. The Wilks contend that the award of attorney's fees in this case is inequitable because:

despite having proven to a jury that Borchardt had wronged them by engaging in negligent misrepresen-

---

attorney's fees. Our discussion is therefore limited to the attorney's fees issue.

425

tation, justifying a $9,000.00 award, the Wilks face a $6,200.00 judgment comprised primarily of attorney fees incurred by Borchardt in unsuccessfully trying to prove that she did not do anything wrong in the sale of the home.

To date, the Wisconsin appellate courts have not addressed whether a party who prevails under a contract providing for attorney's fees recovery may collect such fees when the opposing party prevails on a counterclaim growing out of the underlying transaction. The Wilks urge us to adopt the prevailing rule in other jurisdictions which calls for a reduction of such fees in proportion to the *net* amount recovered on the contract less the amount recovered on the counterclaim. Borchardt, on the other hand, urges us to apply the rationale behind Wisconsin's costs statutes which do not provide for apportioning costs between the parties.

■

In Wisconsin, attorney's fees are not recoverable unless such fees are expressly allowed by contract or statute. *See Silverton Enters., Inc. v. General Casualty Co.,* 143 Wis. 2d 661, 674, 422 N.W.2d 154, 159 (Ct. App. 1988). The statutes do not permit recovery of full attorney's fees to a prevailing party in an action on a promissory note. Therefore, Borchardt's claim for her attorney's fees rests entirely on the provisions in the note and mortgage.

The promissory note obligates the Wilks to pay Borchardt's costs and expenses, including reasonable attorney's fees, incurred in "enforcing this Note to the extent not prohibited by applicable law." To the same effect is the mortgage which provides that in case of default, the Wilks promise to pay "all expenses including reasonable attorneys' fees . . . to the extent not prohibited by law."

426

The interpretation of a contract is a question of law which we review *de novo. Ford Motor Co. v. Lyons,* 137 Wis. 2d 397, 460, 405 N.W.2d 354, 379 (Ct. App. 1987). Where the terms of a contract are plain and unambiguous, we will construe it as it stands. *Id.* However, a contract is ambiguous when its terms are reasonably or fairly susceptible of more than one construction. *Just v. Land Reclamation, Ltd.,* 151 Wis. 2d 593, 600, 445 N.W.2d 683, 686 (Ct. App. 1989), *petition for review granted,* 155 Wis. 2d 737, — N.W.2d — (1990). Whether a contract is ambiguous is itself a question of law. *Id.*

We conclude that the attorney's fees provisions in the note and mortgage are ambiguous on the question of whether full attorney's fees recovery to Borchardt was intended by the parties if the Wilks should prevail in establishing misrepresentation in the underlying transaction. We note first that the agreement is silent as to this scenario. Secondly, we conclude that reasonable persons could differ as to whether Borchardt's *defense* of the counterclaim constitutes *enforcement* of the note under the language of the note. Finally, we observe that both the note and the mortgage allow Borchardt to recover her attorney's fees "to the extent not prohibited by applicable law." In many areas the law is far from exact or precise. This is particularly so where, as here, the "applicable law" is non-existent. When parties to a contract write such uncertainty into their agreements, ambiguity necessarily follows. We thus must construe the parties' agreement.

So far as reasonably practicable, a contract should be given a construction which will make it a rational business instrument and will effectuate what appears to have been the intention of the parties. *Bruns v. Ren-*

427

*nebohm Drug Stores, Inc.,* 151 Wis. 2d 88, 94, 442 N.W.2d 591, 593 (Ct. App. 1989). Although authority to the contrary exists, the general rule is that where reasonable attorney's fees or some designated percentage is provided for in the note, and the plaintiff recovers on the note and the defendant recovers on the counterclaim, the amount recoverable for attorney's fees is reduced in proportion to the amount recovered on the note less the amount recovered on the counterclaim. *Pioneer Constructors v. Symes,* 267 P.2d 740, 744 (Ariz. 1954).

We conclude that this is the better reasoned rule where the agreement between the parties on attorney's fees recovery is ambiguous. To hold otherwise would obligate a party who, in whole or in part, has successfully prosecuted a claim against another to pay the latter's attorney's fees; in short, the winner pays the loser. This is contrary to fundamental concepts of justice and fair play. Moreover, to hold otherwise suggests that the parties intended such a role reversal—a result which we conclude borders on the unreasonable. In interpreting an ambiguous contract provision, we must reject a construction resulting in unfair or unreasonable results. *Wausau Joint Venture v. Redevelopment Auth.,* 118 Wis. 2d 50, 58, 347 N.W.2d 604, 608 (Ct. App. 1984).

*By the Court.*—Judgment reversed and cause remanded.