WISCONSIN AUTO TITLE LOANS, INC.,
Plaintiff-Appellant,†

v.

Kenneth M. JONES, Defendant-Respondent.

Court of Appeals

*No. 03–2457. Oral argument May 27, 2004.—Decided
March 24, 2005.*

2005 WI App 86

(Also reported in 696 N.W.2d 214.)

† Petition to review granted 9-8-2005.

825

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Kenneth R. Nowakowski, Lisa M. Arent* and *Amy M. Salberg* of *Whyte Hischboeck*

*Dudek S.C.*, Milwaukee. There was oral argument by *Kenneth R. Nowakowski*.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James A. Walrath, Hannah C. Dugan* and *Peter M. Koneazny* of *Legal Aid Society of Milwaukee, Inc.*, Milwaukee. There was oral argument by *James A. Walrath*.

Before Vergeront, Lundsten and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. Wisconsin Auto Title Loans, Inc. appeals a circuit court order denying its motion to compel arbitration. Wisconsin Auto, pursuant to WIS. STAT. § 425.205 (2003–04)[1] of the Wisconsin Consumer Act (WCA), filed a replevin action against Kenneth Jones seeking recovery of Jones's automobile under a Loan Agreement, promissory note and security agreement (collectively, Loan Agreement). Jones answered and counterclaimed, raising numerous defects in the Loan Agreement. Jones also asked the court to certify this case as a class action. The dispositive issue in this case is whether the arbitration clause in the Loan Agreement is unconscionable and therefore unenforceable. We conclude it is and affirm the circuit court.

## FACTS

¶ 2. In December 2001, Jones was unemployed and living from unemployment check to unemployment check. Jones borrowed $800 from Wisconsin Auto for bills and living expenses. The pre-printed standard form short-term Loan Agreement imposed certain terms on Jones, including (1) repayment of the loan

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

within one month at 300% interest in the amount of $1,197.08; (2) relinquishment of a key to his car to Wisconsin Auto and guarantee of the car's title to Wisconsin Auto as collateral; and (3) mandatory arbitration on all claims arising out of the Loan Agreement. Wisconsin Auto also reserved the right to seek replevin of the secured collateral in court.

¶ 3. The Loan Agreement included the following paragraph:

> 11. **Arbitration and Waiver of Jury Trial**. BORROWER and LENDER agree that the transactions contemplated by, and occurring under, this Agreement, involve "commerce" under the Federal Arbitration Act ("FAA") (9 U.S.C. §§ 1 et seq.) Any and all disputes, controversies or claims (collectively "claims" or "claim"), whether preexisting, present or future, between the BORROWER and LENDER, or between BORROWER and any of LENDER's officers, directors, employees, agents, affiliates, or shareholders, arising out of or related to this Agreement (save and except the LENDER's right to enforce the BORROWER's payment obligations in the event of default, by judicial or other process, including self-help repossession) shall be decided by binding arbitration under the FAA. Any and all claims subject to arbitration hereunder, asserted by any part, will be resolved by an arbitration proceeding which shall be administered by the American Arbitration . . . Rules (the "Arbitration Rules"), as presently published and existing. However, in the event that BORROWER initiates arbitration, BORROWER shall pay the first $125.00 of the filing fee required by the Arbitration Rules, and LENDER will pay the remaining amount of such fee, as well as any required deposit . . . . The parties agree to be bound by the decision of the arbitrator(s). Any issue as to whether this Agreement is subject to arbitration shall be determined by the arbitrator. This agreement to arbitrate will survive the termination of this Agreement. BY AGREE-

ING TO ARBITRATE DISPUTES, YOU WAIVE ANY RIGHT YOU MAY OTHERWISE HAVE HAD TO LITIGATE CLAIMS THROUGH A COURT OR TO HAVE A JURY TRIAL.

On the back of the Loan Agreement was the following portion of paragraph 10:

> This Agreement shall be governed by the laws of the State of Wisconsin including the conflict of laws provision contained in § 421.201(5) (which provides that proceedings to recover collateral shall be governed by the law of the state where the collateral is located at the time of recovery unless the collateral is only temporarily removed for transportation or temporary employment). The unenforceability or invalidity of any portion of this Agreement shall not render unenforceable or invalid the remaining portions thereof.

¶ 4.  Jones defaulted on the loan and Wisconsin Auto issued Jones a "Notice of Default." The notice informed Jones he was required to pay $1,627.32 on or before May 6, 2002 to avoid litigation and the repossession of his car. Jones did not pay the amount owed by the due date.

¶ 5.  Wisconsin Auto filed a complaint for replevin against Jones seeking recovery of the property securing the Loan Agreement. Jones answered and counterclaimed against Wisconsin Auto, alleging, in part, that Wisconsin Auto's loan and collection practices violated both Jones's common law contract rights and various provisions of the WCA. Jones's counterclaims also asserted class action claims on behalf of a putative class of similarly situated Wisconsin Auto customers in Wisconsin.

¶ 6.  Wisconsin Auto moved to compel arbitration of the issues raised in Jones's counterclaims pursuant to the arbitration clause, the Federal Arbitration Act

829

and WIS. STAT. § 788.03 and to stay litigation on Jones's counterclaims but not on its replevin claim pursuant to 9 U.S.C. § 4 and WIS. STAT. § 788.02. After briefing and oral argument, the circuit court denied Wisconsin Auto's motion. Neither party requested an evidentiary hearing. The circuit court concluded, based on common law contract principles and the WCA, the arbitration provision was unconscionable because it was one-sided and the product of the parties' unequal bargaining power. Wisconsin Auto appeals.

## DISCUSSION

¶ 7.   Jones contends the arbitration clause at issue in this case is unconscionable and unenforceable. Wisconsin Auto first argues the Federal Arbitration Act preempts the WCA because the WCA, according to Wisconsin Auto, prohibits arbitration in secured consumer credit transactions. Wisconsin Auto also argues the circuit court erred by concluding the arbitration clause is unconscionable.

¶ 8.   We consider both federal and state law to assess whether an arbitration clause is unconscionable or otherwise unenforceable. *See Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC*, 379 F.3d 159, 166 (5th Cir. 2004). By enacting the Federal Arbitration Act (9 U.S.C. § 1 et seq.), Congress has declared a national policy favoring arbitration. *Perry v. Thomas*, 482 U.S. 483, 489 (1987). Questions of arbitrability must be addressed with a healthy regard for this policy. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), *superseded by statute on other grounds, Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). The Federal Arbitration Act's purpose is "to reverse the

830

longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The Federal Arbitration Act established that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25.

¶ 9.   The Supreme Court has interpreted the Federal Arbitration Act as mandating the enforcement of all arbitration agreements involving commerce, unless revocable on contractual grounds. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686–87 (1996). 9 U.S.C. § 2 of the Federal Arbitration Act provides, in relevant part,

A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of said contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

¶ 10.   Consequently, according to 9 U.S.C. § 2, in determining whether the parties have made a valid arbitration agreement, state law may be applied if that state law governs issues concerning the validity, revocability and enforceability of contracts generally; the Federal Arbitration Act preempts "state laws applicable *only* to arbitration provisions." *Doctor's Assocs., Inc.*, 517 U.S. at 687. Accordingly, the usual defenses to a contract such as fraud, unconscionability, duress and lack of consideration may be applied to invalidate an arbitration agreement, so long as the law under which

the provision is invalidated is not applicable solely to arbitration agreements. *See id.* Where an arbitration agreement is found to be unconscionable pursuant to general state law principles, then it may be invalidated without offending the Federal Arbitration Act. *See id.* at 686. With these principles in mind, we consider whether the arbitration clause in the Loan Agreement is unconscionable. We conclude it is.

¶ 11. Wisconsin Auto argues it is required under the WCA to bring its replevin action in small claims court but that requirement does not exempt Jones's counterclaims from arbitration. Wisconsin Auto claims the parties agreed to arbitrate Jones's counterclaims pursuant to the arbitration clause and that parties to an arbitration agreement may agree to limit the scope of arbitration by excepting certain actions from arbitration. Finally, Wisconsin Auto argues the circuit court erred in concluding the arbitration clause was unconscionable; specifically, Wisconsin Auto maintains the arbitration agreement is not "one-sided" and the circuit court's finding that the contract is unconscionable due to "unequal bargaining power" is erroneous. We disagree. We conclude the arbitration clause at issue before us is unconscionable.

█

¶ 12. Generally, whether a contract provision is unconscionable is a question of law subject to independent appellate determination. *Leasefirst v. Hartford Rexall Drugs, Inc.*, 168 Wis. 2d 83, 89, 483 N.W.2d 585 (Ct. App. 1992). However, in cases where the circuit court's legal conclusion is so intertwined with the factual findings, as here, we give weight to the circuit court's decision. *Id.*

¶ 13. In Wisconsin, unconscionability means "the absence of a meaningful choice on the part of one party, together with contract terms that are unreasonably favorable to the other party." *Id.* A contractual clause is unconscionable when there is a certain quantum of procedural unconscionability and a certain quantum of substantive unconscionability. *Discount Fabric House of Racine, Inc. v. Wisconsin Tele. Co.*, 117 Wis. 2d 587, 602, 345 N.W.2d 417 (1984). Procedural unconscionability bears upon factors related to the meeting of the minds of the parties to the contract: age, education, intelligence, business acumen and experience and relative bargaining power of the parties, whether the terms were explained to the weaker party and possible alternative sources of supply for the goods in question. *Id.* Substantive unconscionability refers to the reasonableness of the contract terms agreed upon by the contracting parties. *Id.* Unconscionability of a contract is determined as of the time the parties entered the agreement. *Gertsch v. International Equity Research*, 158 Wis. 2d 559, 578, 463 N.W.2d 853 (Ct. App. 1990). We conclude the arbitration clause in this case is both procedurally and substantively unconscionable.

¶ 14. We conclude the arbitration clause in this case is substantively unconscionable because it forces Jones to litigate in two separate forums, one in court, one in arbitration.[2] The circuit court concluded, as we do here, that because the arbitration clause forces consumers such as Jones to litigate in dual forums, it

---

[2] Wisconsin Auto points out it has no option but to pursue judicial enforcement of its right to recover collateral. *See* Wis. Stat. § 425.206. We agree. However, as we explain, Wisconsin Auto could have crafted the arbitration clause in a more equitable manner, which it has not done here.

was one-sided, created an unfair advantage to Wisconsin Auto and unreasonably favored Wisconsin Auto. The arbitration clause also reserves Wisconsin Auto's right to self-help repossession of the collateral.[3] Wisconsin Auto fails to show any commercial justification for imposing this unfair burden on Jones and we know of none. Consequently, Jones is required to arbitrate all claims and disputes arising out of the Loan Agreement while Wisconsin Auto remains free to enforce its rights to repayment of the debt or to commence a replevin action in the circuit court to repossess the collateral securing the loan.

¶ 15. An arbitration clause could contain a provision that would create a more balanced playing field but the one here does not. For example, a clause could say, pursuant to WIS. STAT. § 425.203, Wisconsin Auto may file a replevin action but it should immediately move to stay that action pending resolution of the arbitrable issues in order to avoid forcing the consumer to litigate in both forums.

---

[3] Wisconsin Auto acknowledges that in Wisconsin self-help repossession is not permissible under the Wisconsin Consumer Act without judicial process. *See* WIS. STAT. § 425.206. This raises an interesting point. It would appear WIS. STAT. § 425.203, the statute governing the enforcement of a merchant's right to recover collateral, is in conflict with the Federal Arbitration Act because this statute may be interpreted as requiring companies like Wisconsin Auto to seek judicial process before recovering collateral when a party is in default rather than submit the issue to arbitration. The argument might be made that the legislature has run afoul of the Federal Arbitration Act by exempting a certain class of cases from arbitration. However, neither party contends the replevin statute creates a conflict with the Federal Arbitration Act. Therefore we do not address that issue.

¶ 16. We also conclude the arbitration clause is procedurally unconscionable. The circuit court found Wisconsin Auto was "experienced in the business of supplying auto loans, drafting agreements, [and] was in a position of greater bargaining power than [Jones]." It found the Loan Agreement was presented to Jones "in a take it or leave it manner, and the terms of the arbitration agreement were not explained to [him]." The circuit court further found Jones was in a desperate situation. Finally, the court found the one-sided nature of the arbitration agreement to be a "product of the parties' unequal bargaining power," implicitly finding Wisconsin Auto the stronger bargaining party. These findings support our conclusion that the arbitration clause is procedurally unconscionable.

¶ 17. Wisconsin Auto argues in its reply brief that an evidentiary hearing was required under *Leasefirst* to determine whether an arbitration agreement is procedurally unconscionable and, because no evidentiary hearing was held, the record is devoid of facts to support the court's determination that the Loan Agreement was procedurally unconscionable. We recognize an evidentiary hearing is generally required for a court to make the necessary factual findings in support of its conclusion that a clause is unconscionable. *See Leasefirst*, 168 Wis. 2d at 88. Here, the circuit court made factual findings, apparently based on the record and representations made by the attorneys at oral argument. The record does not show Wisconsin Auto objected to this procedure or suggested to the circuit court the need for an evidentiary hearing to resolve the procedural unconscionability issue. Indeed, Wisconsin Auto first objects to the absence of facts in its reply brief on appeal; Wisconsin Auto does not object to the circuit

835

court making its findings based on the record and representations made by counsel at oral argument in any of its briefs. We conclude Wisconsin Auto has waived its objections to the circuit court's factual findings supporting its determination that the arbitration clause was unconscionable. *See Swartwout v. Bilsie,* 100 Wis. 2d 342, 346, n.2, 302 N.W.2d 508 (Ct. App. 1981) (If appellant fails to discuss error in its main brief, appellant may not do so in the reply brief.).

¶ 18.   Accordingly, we conclude the circuit court correctly determined the arbitration clause was unconscionable and unenforceable. We therefore affirm the circuit court's order denying Wisconsin Auto's motion to compel arbitration.

*By the Court.*—Order affirmed.