COURT OF APPEALS
DECISION
DATED AND FILED

April 19, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1944**

STATE OF WISCONSIN

Cir. Ct. No. **2020SC101**

IN COURT OF APPEALS
DISTRICT III

WATERCRAFT SALES INC.,

PLAINTIFF-RESPONDENT,

V.

DOREEN VAN DE WATER,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Oneida County: PATRICK F. O'MELIA, Judge. *Affirmed.*

¶1 GILL, J.[1] Doreen Van de Water appeals from a small claims judgment requiring her to pay for the cost of replacing the engine of a boat she rented from Watercraft Sales, Inc. ("Watercraft"). The circuit court found

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Van de Water liable based upon the provisions of her rental contract with Watercraft. Van de Water argues that the law of bailment applies and that because she was not negligent in operating the boat, she cannot be held liable for the damaged engine. Additionally, she argues that the rental contract is exculpatory, violates public policy, and is therefore void.

¶2      We reject Van de Water's assertion that the law of bailment applies in this case. Instead, we conclude that the law of bailment does not apply here, and that the rental contract expressly states that Van de Water is responsible for any damage that occurs to the boat while it is in her possession. The issue of whether the contract was void for violating public policy, however, was not raised before the circuit court with sufficient prominence such that the court understood it was being called upon to make a ruling on the contract on public policy grounds. Accordingly, we conclude Van de Water forfeited the issue, and we affirm the court's judgment.

## BACKGROUND

¶3      In August 2019, Van de Water reserved a rental boat from Watercraft. Her daughter-in-law, Linda Van de Water,[2] who planned to captain the boat, signed the contract to rent the boat from Watercraft.[3] The contract was

---

[2] We refer to Linda by her first name for clarity because she shares a surname with the appellant. We refer to Doreen Van de Water as "Van de Water" unless a more specific description is required.

[3] There was some question at the small claims hearing as to whether Linda or Van de Water was the proper party to this case. Van de Water paid for the boat rental, but Linda signed the contract at Van de Water's direction. Ultimately, the circuit court determined that this arrangement constituted an agency relationship and that Van de Water was the proper party to the case. Neither party raises this issue on appeal, and we do not address it further.

titled "'100% Responsible' Agreement" and included the following relevant language:

>The following policies will apply to all boat rentals with Watercraft Sales. Please read and understand before renting. If you have any questions regarding the policies, please don't hesitate to contact us.
>
>The renter is 100% responsible for any damage that may occur to the boat or equipment rented while in your possession.
>
>Upon the rental return, the rental department will check in the boat and collect for damages using the credit card given for the deposit amount.
>
>If there is no damage, deposits will be refunded less the cost of gas used.
>
>....
>
>The renter rents this boat at their own risk, and agrees to indemnify and hold harmless Watercraft Sales, Inc[.] from, and against, any and all claims for loss of or damage to property or injury to persons (including death) resulting through the use, operation, or possession of the boat you are renting.
>
>The renter will be asked to sign a document stating that they understand and agree to Watercraft Sales's rental policy and that they are at least 21 years of age or older.

¶4 In addition to signing beneath the above statements, Linda also initialed beneath the following separate contractual provisions:

>4. LESSEE acknowledges his/her responsibility for the safe and proper operation of the craft; and for the safety and welfare of other boaters and persons. It is AGREED AND UNDERSTOOD BY LESSEE that LESSOR shall NOT be held liable for damages, inconvenience or time lost caused by accident, breakdown or malfunction of the rental craft. LESSEE FURTHER AGREES to indemnify and hold harmless the LESSOR from, and against any and all claims for loss of or damage to property or injury to persons (including death) resulting through the use, operation or possession of said rental craft. LESSEE

further agrees to hold the LESSOR Harmless should loss or damages occur to any of the LESSEE'S personnel property [sic] while carried in, or on, the rental craft, including Loss or damage caused by fire, water, theft or any other cause whatsoever.

....

I fully understand that there is **NO INSURANCE on the rental boat, myself or any other party. As the person renting this boat, I understand that I am 100% responsible for any and all loss, damage or injury to myself or other people and property.**

¶5    Before releasing the boat, Watercraft staff provided Linda with operating instructions. The parties dispute whether the staff warned Linda not to travel on the waters surrounding the Three Lakes/Eagle River Dam because of the low water levels in that area. Linda testified that she had driven the boat near the dam many times before and was aware of the shallow section at issue. She stated that while the rental boat was in the shallow section on the day in question, the engine was turned off and the boat was manually pulled through the shallow section to avoid shearing the propeller. Linda explained that after clearing the channel and while operating the boat on Cranberry Lake, she heard a beeping noise and turned off the motor. She explained that after waiting thirty minutes, she restarted the engine, but "it smelled hot and it smelled smoky and we turned it off immediately." Linda testified that she believed the engine was overheating and called for a tow. Linda then called Watercraft to explain the situation and arrange for Watercraft to pick up the boat.

¶6    Watercraft's technician testified that after picking up the boat, he examined the motor and observed the engine cover was melted, meaning that the motor had run without water for some period of time. The technician confirmed that there was no propeller damage, but he testified that the components around

the motor's computer were melted. Van de Water refused to pay to replace the broken engine, and Watercraft subsequently filed suit in small claims court seeking damages in order to replace the motor, as specified in Van de Water's rental contract.[4]

¶7      After hearing from both parties, the circuit court explicitly stated that it did not conclude that "malfeasance" had caused the damage to the motor, but it also did not determine how the motor was damaged. The court concluded, however, that Watercraft's contract did not require negligence or malfeasance by Van de Water in order for Watercraft to recover damages from her, stating:

> The renter is 100 percent responsible for any damage that may occur, whether that's driving it into a dock or whether in their possession this motor overheats to the point of being destroyed. And there's other references in here that really say it's yours for today. And it's yours, and if something goes wrong when it's yours, it's your responsibility, not Watercraft's.

The court did not further analyze the terms of the contract. The court entered judgment in favor of Watercraft and against Van de Water in the amount of $10,149.50.[5] Van de Water now appeals. Further facts are included below as necessary to our analysis.

---

[4] Although the small claims complaint did not specify a cause of action, based on our review of the transcript, it is clear the circuit court construed the complaint as alleging a breach of contract claim.

[5] The judgment entered against Van de Water was initially for $9,995.00. Service and filing fees brought the total entered money judgment to $10,149.50.

## DISCUSSION

¶8    Van de Water argues that the rental relationship between her and Watercraft created a bailment.  As the bailee, Van de Water argues that she owed only a duty of ordinary care regarding the subject of the bailment—i.e., the boat.  She asserts that "a bailee is not an insurer."  *See Firemen's Fund Ins. Co. v. Schreiber*, 150 Wis. 42, 48, 135 N.W. 507 (1912).  She argues that she cannot be held liable for the damaged engine because Watercraft presented no evidence that she did not exercise ordinary care in operating the boat.

¶9    Contrary to Van de Water's arguments, the duty of care in a default bailment relationship does not apply in these circumstances.  A bailment is created by delivery of personal property from one person to another, to be held temporarily for the benefit of the bailee, the bailor, or both under a contract, express or implied.  *Bushweiler v. Polk Cnty. Bank*, 129 Wis. 2d 357, 359, 384 N.W.2d 717 (Ct. App. 1986).  The interpretation of a contract is a question of law we review de novo.  *Borchardt v. Wilk*, 156 Wis. 2d 420, 427, 456 N.W.2d 653 (Ct. App. 1990).  Where the terms of a contract are plain and unambiguous, we will construe it as it stands.  *Shadley v. Lloyds of London*, 2009 WI App 165, ¶12, 322 Wis. 2d 189, 776 N.W.2d 838.

¶10    A duty of reasonable care might be owed in a bailment relationship absent an agreement to the contrary.  Here, however, the parties explicitly contracted for a different level of liability—one stricter than the duty of reasonable care.  Because the parties entered into an express and unambiguous contract providing that Van de Water was liable for all damages to the boat however they are caused, its terms control, and Van de Water's arguments suggesting that a lesser standard of care governs under the contract fail.

¶11    Van de Water next argues that the contract she signed is exculpatory and void due to public policy. She elaborates, asserting that the circuit court relied entirely on the language of the contract in issuing its decision, but erred in failing to examine the contract to determine whether the contractual provisions at issue are void on public policy grounds.

¶12    Because Van de Water failed to raise this issue before the circuit court, she has forfeited the issue. Arguments raised for the first time on appeal are generally deemed forfeited. *Northbrook Wis., LLC v. City of Niagara*, 2014 WI App 22, ¶20, 352 Wis. 2d 657, 843 N.W.2d 851. Nowhere in the court proceedings did Van de Water claim that the contract she signed was exculpatory, or void on public policy grounds. The only comment Van de Water's counsel made regarding the validity of the contract generally was, by all appearances, raised while he and the court were both speaking.[6] Counsel argued that a renter should not be held responsible for replacing a new engine, and the court stated "[t]hat's exactly what this agreement says." Next, counsel stated "I don't think the agreement—," and the court interjected, stating "[t]hey don't have any control—." Counsel then concluded his first statement with the words "is conscionable." The court continued speaking and did not address counsel's statement, and it appears from the record that the court did not hear it.

¶13    Even if we were to consider Van de Water's counsel's single statement to have raised the issue of the contract's conscionability, to avoid forfeiture an appellant must raise an issue with sufficient prominence such that the

_____

[6] Due to the limitations in reviewing a transcript as opposed to a live recording, we cannot determine whether the court and counsel spoke over one another, or whether they took turns making partial statements. Ultimately, the exact circumstance is immaterial to our analysis.

7

circuit court understands it is being called upon to make a ruling. *See **Bishop v. City of Burlington***, 2001 WI App 154, ¶8, 246 Wis. 2d 879, 631 N.W.2d 656. Van de Water's counsel did not reiterate or develop the issue of conscionability at any point during the remainder of the hearing, even when the court directly asked "[a]nd, [counsel], anything in closing here?" As a result, the court was not put on notice that it needed to make factual findings or a ruling on that issue.

¶14 In addition, whether a contract is unconscionable and whether it is exculpatory and therefore void on public policy grounds are two distinct questions, with different considerations. Exculpatory contracts are contracts that relieve a party from liability for harm caused by his or her own negligence, but are not invalid per se. *See **Merten v. Nathan**,* 108 Wis. 2d 205, 210, 321 N.W.2d 173 (1982). Whether a contract is unconscionable is a broader question involving "the absence of a meaningful choice on the part of one party, together with contract terms that are unreasonably favorable to the other party." ***Wisconsin Auto Title Loans, Inc. v. Jones***, 2005 WI App 86, ¶13, 280 Wis. 2d 823, 833, 696 N.W.2d 214 (citation omitted). Although some of the considerations in these two analyses might be similar, they are ultimately distinct. Even if we were to conclude that Van de Water raised an argument that the contract was unconscionable before the circuit court with sufficient prominence, she would still have forfeited her argument on appeal that the contract was exculpatory and therefore void.[7]

---

[7] In her reply brief, Van de Water argues that because Watercraft failed to respond to her argument that the contract was exculpatory and void on public policy grounds, it has conceded the issue. Unrefuted arguments may be deemed conceded. *See **Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.***, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). Because we determine that Van de Water first forfeited her own argument on appeal by failing to raise it before the circuit court, whether Watercraft addressed it is immaterial.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.