STATE of Wisconsin,
Plaintiff-Respondent,

v.

Chase E. KACZMARSKI,
Defendant-Appellant.

Court of Appeals

*No. 2008AP1251–CR. Submitted on briefs January 21, 2009.
—Decided July 9, 2009.*

2009 WI App 117

(Also reported in 772 N.W.2d 702.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Harold Harlowe* and *David M. Gorwitz* of *Hal Harlowe & Associates, S.C.*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Marguerite M. Moeller*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Higginbotham, P.J., Dykman and Lundsten, JJ.

¶ 1. HIGGINBOTHAM, P.J. Chase E. Kaczmarski appeals a circuit court order denying his motion to enforce compliance with a deferred prosecution agreement, and a judgment of conviction entered against him based on a guilty plea to second-degree sexual assault of a person who has not attained the age of sixteen. He

seeks a court order dismissing the charge with prejudice. The issue on this appeal is whether the deferred prosecution agreement, drafted by the district attorney, permits the district attorney to resume prosecuting Kaczmarski for the underlying charge after the period of deferred prosecution has expired for a breach of the agreement which occurred during the deferral period. We conclude that the plain language of the agreement provides two potential remedies to the district attorney in the event of a breach by Kaczmarski, neither of which permits the district attorney to resume prosecution of the underlying charge after the period of deferred prosecution has expired. We therefore reverse and remand with directions to vacate the judgment of conviction for second-degree sexual assault of a person who has not attained the age of sixteen and enter an order dismissing the charge with prejudice.

## BACKGROUND

¶ 2. Kaczmarski was charged with second-degree sexual assault of a person who has not attained the age of sixteen. In exchange for his guilty plea to the charge, Kaczmarski accepted an offer of deferred prosecution from the Dane County District Attorney's office. The express term of the deferred prosecution agreement was twenty-four months, to end on October 31, 2004. The parties agreed to extend the term by one year to October 31, 2005.

¶ 3. The deferred prosecution agreement imposed certain requirements on Kaczmarski, including that he not engage in conduct that rises to probable cause to believe he violated the criminal laws of Wisconsin or of the United States or other laws conforming to the criminal statutes "during the period of this contract." The agreement expressly provided the following rem-

edies in the event Kaczmarski failed to abide by its terms:

> If you violate the terms of this contract or if new information becomes available concerning this offense, the Dane County District Attorney may, during the period of deferred prosecution: (1) revoke or modify, add or delete conditions of this deferred prosecution contract to include changing the period of deferral or, (2) prosecute you for this offense.

¶ 4. During the last week of October 2005, when the contract was due to expire, the prosecutor was informed that Kaczmarski was being investigated based on the alleged discovery of child pornography on his computer.[1] However, the district attorney did not inform the court of these developments until January 2006 and did not resume prosecuting Kaczmarski until after the period of the deferred prosecution had ended.

¶ 5. Kaczmarski moved to enforce compliance with the deferred prosecution agreement and, at the hearing on the motion, moved for dismissal of the child sexual assault charge. The circuit court denied the motion. Kaczmarski was convicted based on his prior guilty plea and now appeals.

## DISCUSSION

¶ 6. Kaczmarski first argues that WIS. STAT. § 971.37 (2007–08)[2] applies to the deferred prosecution agreement at issue here, and that, under its terms as applied to the facts of this case, the circuit court was required to dismiss the charge against him. The State

---

[1] Kaczmarski was charged with and convicted of possession of child pornography based on a guilty plea.

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted. WISCONSIN STAT. § 971.37 provides in part:

counters that Kaczmarski forfeited this argument by failing to raise it before the circuit court. In the alternative, the State argues that § 971.37 does not apply here.

██

¶ 7. Forfeiture is a rule of judicial administration, and whether we apply the rule is a matter addressed to our discretion.[3] *See Ford Motor Co. v. Lyons*, 137 Wis. 2d 397, 417, 405 N.W.2d 354 (Ct. App. 1987). We generally do not consider arguments not raised in the

---

(1m)(a) The district attorney may enter into a deferred prosecution agreement under this section with any of the following:

1. A person accused of or charged with child sexual abuse.

. . . .

(b) The agreement shall provide that the prosecution will be suspended for a specified period if the person complies with conditions specified in the agreement. The agreement shall be in writing, signed by the district attorney or his or her designee and the person, and shall provide that the person waives his or her right to a speedy trial and that the agreement will toll any applicable civil or criminal statute of limitations during the period of the agreement, and, furthermore, that the person shall file with the district attorney a monthly written report certifying his or her compliance with the conditions specified in the agreement. The district attorney shall provide the spouse of the accused person and the alleged victim or the parent or guardian of the alleged victim with a copy of the agreement.

(2) The written agreement shall be terminated and the prosecution may resume upon written notice by either the person or the district attorney to the other prior to completion of the period of the agreement.

(3) Upon completion of the period of the agreement, if the agreement has not been terminated under sub. (2), the court shall dismiss, with prejudice, any charge or charges against the person in connection with the crime specified in sub. (1m), or if no such charges have been filed, none may be filed.

[3] The State uses the term forfeit and waiver interchangeably in its briefs. We note that our supreme court in *State v.*

circuit court. *See Gibson v. Overnite Transp. Co.*, 2003 WI App 210, ¶ 9, 267 Wis. 2d 429, 671 N.W.2d 388.

¶ 8. We conclude that Kaczmarski has forfeited his argument that the deferred prosecution agreement is subject to WIS. STAT. § 971.37. At the hearing on Kaczmarski's motion to compel enforcement of the agreement, defense counsel expressly stated that no statute applied to the agreement, although he expressed his belief that WIS. STAT. § 971.39 provided some guidance. Kaczmarski failed to argue to the circuit court that § 971.37 applied to the agreement. In his reply brief, Kaczmarski essentially concedes that he did not raise this issue before the circuit court.

¶ 9. In the alternative, Kaczmarski argues that due process "dictates" that we exercise our discretion to address whether WIS. STAT. § 971.37 applies to the deferred prosecution agreement. Citing *City News & Novelty, Inc. v. City of Waukesha*, 170 Wis. 2d 14, 20–21, 487 N.W.2d 316 (Ct. App. 1992), he reminds us that we have been willing to review issues not raised first in the circuit court "where the issue is one of law, the facts are not disputed, the issue has been thoroughly briefed by both sides and the question is one of sufficient interest to merit a decision." *Id.* Whether we address forfeited arguments is left to our discretion. However, we see no compelling reason to ignore forfeiture here.[4]

_____

*Ndina*, 2009 WI 21, ¶¶ 29–30, 315 Wis. 2d 653, 761 N.W.2d 612, has determined that "forfeit" is the more appropriate term in the context presented here.

[4] Kaczmarski also argues that principles of substantive due process are implicated in this case and that under these principles he is entitled to have the agreement enforced accord-

¶ 10. Both the State and Kaczmarski agree that the deferred prosecution agreement is analogous to a contract and therefore we draw upon principles of contract law in determining the respective rights of the parties to the agreement. *See State v. Roou*, 2007 WI App 193, ¶ 25, 305 Wis. 2d 164, 738 N.W.2d 173 (applying contract-law principles in the context of a plea agreement). The interpretation of a written contract is a question of law subject to de novo review. *State v. Toliver*, 187 Wis. 2d 346, 355, 523 N.W.2d 113 (Ct. App. 1994). "[W]hen terms of a contract are plain and unambiguous, we will construe the contract as it stands." *Id.* A contract is ambiguous only when it is " 'reasonably or fairly susceptible of more than one construction.' " *State v. Windom*, 169 Wis. 2d 341, 349, 485 N.W.2d 832 (Ct. App. 1992) (quoting *Borchardt v. Wilk*, 156 Wis. 2d 420, 427, 456 N.W.2d 653 (Ct. App. 1990)). Whether a contract is ambiguous is a question of law we decide de novo. *Id.* We are not free "to revise an unambiguous contract in order to relieve a party to a contract 'from any disadvantageous terms' to which he or she has agreed." *Id.* (quoting *Dykstra v. Arthur G. McKee & Co.*, 92 Wis. 2d 17, 38, 284 N.W.2d 692 (Ct. App. 1979)). We construe ambiguous language in a contract against the drafter. *Walters v. National Props., LLC*, 2005 WI 87, ¶ 14, 282 Wis. 2d 176, 699 N.W.2d 71.

¶ 11. We begin our analysis by addressing whether the deferred prosecution agreement is ambiguous. The State contends that the agreement is ambigu-

ing to its plain terms. Because our conclusion that the plain language of the deferred prosecution agreement does not permit the State to resume prosecution of Kaczmarski after the period of deferred prosecution has expired is dispositive, we do not reach the due process issue.

ous because of the interaction of two sentences it regards as contradictory. The State concedes that the following sentence, standing alone, appears to plainly provide that the district attorney may revoke Kaczmarski's agreement only during the deferral period:

> If you violate the terms of this contract . . . the Dane County District Attorney may, *during the period of deferred prosecution:* (1) revoke or modify, add or delete conditions of this deferred prosecution contract to include changing the period of deferral or, (2) prosecute you for this offense. (Emphasis added.)

However, the State contends that another sentence, when considered together with the above-cited sentence, creates ambiguity as to the conditions under which the criminal charge will be dismissed: "If you comply with the contract conditions, either the charge(s) against you will be dismissed or no criminal prosecution will be instituted as a result of this offense." The State reads this provision to provide that the only way Kaczmarski's charge may be dismissed is if he complies with the terms of the agreement.

¶ 12. We reject the State's argument that the interaction of the aforementioned provisions makes the deferred prosecution agreement ambiguous. The two provisions at issue here serve two distinct purposes and are not conflicting. One provision describes in general terms what will occur upon successful completion of the terms of the agreement; in other words, this provision specifies the benefit Kaczmarski will enjoy in the event he complies with the contract. The other provision specifies the conditions under which the district attorney may unilaterally revoke or modify the agreement or resume the prosecution, and it specifies the period

during which the district attorney may exercise these options. We fail to see how the interaction of these provisions creates ambiguity.

¶ 13. We conclude that the deferred prosecution agreement unambiguously provides that, in the event that Kaczmarski breaches the agreement, the district attorney may resume prosecuting Kaczmarski only during the deferral period. The agreement plainly states that, if Kaczmarski violates the agreement, "the District Attorney may, *during the period of deferred prosecution* . . . prosecute you for this offense." (Emphasis added.) As Kaczmarski argues, resumption of the prosecution after the deferred prosecution period expired is not a remedy provided by the agreement. The agreement provides the State with two potential remedies in the event of a breach: revocation/modification of the agreement or prosecution on the charged offense, neither of which is permitted after the deferred prosecution period has expired. We conclude that the only reasonable construction of the deferred prosecution agreement is that the district attorney may resume prosecuting Kaczmarski for breach of the agreement only before the agreement expires.

¶ 14. Applying our construction of the agreement to this case, we conclude that the district attorney was without authority under the terms of the deferred prosecution agreement to resume prosecuting Kaczmarski after the contract ended on October 31, 2005, for a breach of the agreement that occurred prior to October 31, 2005.

¶ 15. The State argues that Kaczmarski is not entitled to specific performance based on the "clean-hands" doctrine because he engaged in conduct that

gave probable cause to believe that he committed a crime, in contravention of the terms of the deferred prosecution agreement.[5] Under the clean-hands doctrine, a party who "has been guilty of substantial misconduct" of the matters in litigation such that the party "has in some measure affected the equitable relations subsisting between the two parties and arising out of the transaction shall not be afforded relief when he [or she] comes into court." *Timm v. Portage County Drainage Dist.*, 145 Wis. 2d 743, 753, 429 N.W.2d 512 (Ct. App. 1988) (citation omitted). "Before a court may deny a plaintiff relief in equity upon the 'clean hands' doctrine, it must clearly appear that the things from which the plaintiff seeks relief are the fruit of [his or her] own wrongful or unlawful course of conduct." *S & M Rotogravure Serv. v. Baer*, 77 Wis. 2d 454, 467, 252 N.W.2d 913 (1977).

¶ 16. The State's clean-hands argument fails for at least two reasons. First, Kaczmarski is not seeking "relief in equity"; he seeks enforcement of the deferred

---

[5] In its decision denying Kaczmarski's motion to enforce the deferred prosecution agreement, the circuit court focused on the condition that Kaczmarski "refrain from any conduct which will create probable cause to believe that [he has] violated the criminal laws . . . ." In denying the motion, the court reasoned that the agreement plainly bars Kaczmarski from violating any criminal laws, and does not permit Kaczmarski to commit crimes "so long as they are not discovered during a certain period of time." The court thus construed this provision as not imposing any time limit on the discovery of a contract breach. On appeal, the State does not rely on the circuit court's reasoning. We note that the court's decision essentially mirrored the State's argument presented in its response brief to the circuit court. Because the State does not advance the same argument on appeal, we consider the argument to be abandoned.

823

prosecution agreement. Second, the conduct the State asserts supports the application of the clean-hands doctrine, Kaczmarski's breach of the deferred prosecution agreement, is not related to the harm from which Kaczmarski seeks relief. Rather, Kaczmarski seeks to bar the State from exercising a remedy not provided by the agreement. Here, the agreement explicitly addresses what the prosecutor may do if Kaczmarski commits a violation like the one alleged here, and the relief Kaczmarski seeks is to hold the State to the remedies specified in the agreement. While Kaczmarski committed a wrong by violating the terms of the agreement, he did not engage in the type of unfair dealing targeted by the clean-hands doctrine.

¶ 17. The State argues that interpreting the deferred prosecution agreement in a way that would result in dismissing the child sexual assault charge results in a contract that violates public policy, and, therefore, is an impermissible interpretation. We disagree. As Kaczmarski aptly argues, there is nothing contrary to public policy in contractually limiting the time in which a deferred prosecution can be resumed. Furthermore, we see no difference between limiting by contract the time in which a deferred prosecution can be resumed and a statute of limitation that limits the time in which a crime may be prosecuted.

¶ 18. Moreover, the State's policy argument is undercut by the plain language of the deferred prosecution agreement statute, WIS. STAT. § 971.37(1m)(b).[6] As

---

[6] WISCONSIN STAT. § 971.37(1m)(b) reads as follows:

The agreement shall provide that the prosecution will be suspended for a specified period if the person complies with conditions specified in the agreement. The agreement shall be in

the prosecutor did here, the legislature plainly limits the time period in which prosecutions may be resumed. Section 971.37(2) provides that the "written [deferred prosecution] agreement shall be terminated and the prosecution may resume upon written notice by either the person or the district attorney to the other *prior to completion of the period of the agreement.*" (Emphasis added.) It is unreasonable to argue that an individual deferred prosecution agreement is against public policy when the legislature has enacted a statute adopting the very provision of the agreement being objected to.

¶ 19. It may be that the prosecutor here should have included a provision that permitted a resumption of prosecution for a breach after the deferral period. But we may no more write such a term into this agreement than we may write such a term into a statute.

¶ 20. The State argues that Kaczmarski is not entitled to specific performance because he cannot demonstrate that he performed his obligations under the contract. We fail to discern the distinction between this argument and the State's clean-hands argument. The gist of both is that the State should be relieved of the very limitation it imposed on itself in the event that Kaczmarski violated the agreement. As we have explained, the State's self-imposed remedies do not in-

---

writing, signed by the district attorney or his or her designee and the person, and shall provide that the person waives his or her right to a speedy trial and that the agreement will toll any applicable civil or criminal statute of limitations during the period of the agreement, and, furthermore, that the person shall file with the district attorney a monthly written report certifying his or her compliance with the conditions specified in the agreement. The district attorney shall provide the spouse of the accused person and the alleged victim or the parent or guardian of the alleged victim with a copy of the agreement.

clude resumption of the prosecution against Kaczmarski after the deferral period has ended.[7]

¶ 21. In sum, we conclude that the circuit court erred by denying Kaczmarski's motion to enforce compliance with the deferred prosecution agreement. We therefore reverse and remand with directions that the court vacate the judgment of conviction entered against Kaczmarski for the charge of second-degree sexual assault of a person who has not attained the age of sixteen and dismiss the charge with prejudice.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

---

[7] The State, in an undeveloped argument, contends that, although Kaczmarski is not entitled to dismissal of the child sexual assault charge, he may, upon a proper showing, be allowed to withdraw his plea. Because we conclude that Kaczmarski is entitled to have the charge dismissed, we do not address this argument.