COURT OF APPEALS
DECISION
DATED AND FILED

February 27, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP714-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2016CF512

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

MICHAEL B. KINGSLEY,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Monroe County: TODD L. ZIEGLER, Judge.  *Affirmed*.

Before Blanchard, Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Michael Kingsley appeals a judgment convicting him of operating a motor vehicle with a detectable amount of a restricted controlled substance in his blood, as a fifth offense, and felony bail jumping, both as repeaters. WIS. STAT. §§ 346.63(1)(am), 946.49(1)(b), 939.62(1)(b) (2017-18).[1] Kingsley argues that the circuit court erred in denying his motion for suppression of evidence. For the reasons discussed below, we affirm the judgment of the circuit court.

## BACKGROUND

¶2 Kingsley was charged with three felonies and three misdemeanors after drugs and drug paraphernalia were found in his vehicle during a search by law enforcement. The search was performed after a police officer directed a drug detection dog to sniff the area around the exterior of Kingsley's vehicle. Kingsley moved to suppress evidence on grounds that the vehicle was located within the curtilage of his home at the time law enforcement conducted the dog sniff of the vehicle.

¶3 The circuit court conducted an evidentiary hearing at which it heard testimony from two law enforcement officers who were present for the dog sniff and for the vehicle search that followed. After hearing the testimony of the officers and the arguments from both parties, the circuit court denied the suppression motion. The court concluded that Kingsley's vehicle was not within protected curtilage when law enforcement officers approached it with a drug detection dog.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶4     Kingsley later pled no contest to operating with a restricted controlled substance in his blood and felony bail jumping. Kingsley now appeals.

**DISCUSSION**

¶5     On appeal, Kingsley challenges the circuit court's denial of his suppression motion. He argues that the dog sniff of the exterior of his vehicle was unlawful, in violation of his Fourth Amendment protection against unreasonable search and seizure, because the vehicle was located within residential curtilage. For the reasons discussed below, we reject Kingsley's argument.

¶6     The protections of the Fourth Amendment extend beyond a home's walls to the curtilage. *State v. Davis*, 2011 WI App 74, ¶9, 333 Wis. 2d 490, 798 N.W.2d 902. A curtilage determination presents an issue of constitutional fact, which is a mixed question of law and fact, to which this court applies a two-step standard of review. *State v. Martwick*, 2000 WI 5, ¶16, 231 Wis. 2d 801, 604 N.W.2d 552. We review the circuit court's findings of evidentiary or historical fact under the clearly erroneous standard. *Id.*, ¶18. We review de novo the court's ultimate determination of the extent of the curtilage. *Id.*, ¶24.

¶7     Applying the two-step standard of review here, we first review the circuit court's findings of fact for clear error. Based on the evidence presented at the hearing on the suppression motion, the circuit court found that, at the time the dog sniff was performed, Kingsley's vehicle was located on a street within a trailer park that contained about 25 to 30 trailers. The street, Dogwood Lane, was accessible to the residents of the trailer park and to anyone who went into the trailer park. Kingsley's vehicle was not parked directly in front of any one trailer, but rather "between the fronts of two trailers." There was a space of approximately two to three feet between the vehicle and the adjacent yard or

yards. No fence or hedging was present, and the vehicle was not located inside any enclosure surrounding Kingsley's residence. Each of the circuit court's findings is supported by testimony given at the evidentiary hearing on the suppression motion. We therefore uphold those findings, as they are not clearly erroneous, and go on to review independently the circuit court's ultimate determination of the extent of the curtilage. *See Martwick*, 231 Wis. 2d 801, ¶¶16, 24.

¶8 On these facts, the circuit court concluded that Kingsley's vehicle was not located within residential curtilage when the dog sniff was performed on the vehicle's exterior. In reaching that conclusion, the court considered the following four factors from *United States v. Dunn*, 480 U.S. 294, 301 (1987), for a relevant analysis on whether an area constitutes curtilage:

> the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by.

¶9 The circuit court also compared this case to *State v. Dumstrey*, 2016 WI 3, ¶10, 366 Wis. 2d 64, 873 N.W.2d 502. In that case, "[a]fter being followed by police for erratic driving, Dumstrey drove inside of the parking garage underneath his apartment building, where he was stopped by police and subsequently arrested for operating while intoxicated …." *Id.*, ¶2. Dumstrey argued that the parking garage was part of the curtilage of his home and, therefore, was constitutionally protected against warrantless entry. *Id.* Approximately 30 tenants lived in the apartment building, and the garage housed approximately 30 parking spaces. *Id.*, ¶10. The garage was not accessible to the public, and could be accessed only by the building's residents through a remote-controlled garage

door or through a locked door inside the building. *Id.* Our supreme court applied the four factors from *Dunn* and concluded that the parking garage was not protected curtilage. *Id.*, ¶46.

¶10 Here, when we apply the four *Dunn* factors and compare the facts of this case to those in *Dumstrey*, we reach the conclusion that Kingsley's vehicle was not located within residential curtilage at the time that law enforcement officers approached it with a drug detection dog. The first factor requires that we consider whether the area claimed to be curtilage is in close proximity to the home. *See Dunn*, 480 U.S. at 301. In *Dumstrey*, the supreme court concluded that the locked parking garage beneath the apartment building was not "closely proximate" to Dumstrey's home because his home could not reasonably include the entire 30-unit apartment building. *Dumstrey*, 366 Wis. 2d 64, ¶¶35-36. Here, Kingsley's vehicle was not parked in the designated parking spaces for a particular trailer, but rather was parked on the street in the area between two trailers, with about two to three feet between the vehicle and any yard.

¶11 Kingsley argues that *State v. O'Brien*, 223 Wis. 2d 303, 588 N.W.2d 8 (1999), supports his position. In *O'Brien*, the Wisconsin Supreme Court concluded that a vehicle parked 200 feet away from a home was within the home's curtilage. *Id.* at 315-16. Kingsley argues that his vehicle was located closer and, therefore, should be considered part of residential curtilage. However, *O'Brien* is distinguishable from this case. In *O'Brien*, the defendant's residence was "a farmstead consisting of a two-story duplex, a barn, an outbuilding, a small backyard and two driveways." *Id.* at 310. Police searched O'Brien's vehicle, which was parked next to the outbuilding about 200 feet away from the duplex, pursuant to a premises search warrant. *Id.* O'Brien moved to suppress the items found during the search on the ground that his vehicle was not within the curtilage

of the premises described in the warrant. *Id.* The supreme court upheld the circuit court's finding that the vehicle was parked in a common area that O'Brien shared with the other tenant of the duplex, and was part of the curtilage of the premises described in the warrant. *Id.* at 315-16.

¶12 Kingsley attempts to analogize the facts of the instant case to *O'Brien* by asserting that "the entirety of Dogwood Lane is a private road owned by the owner of the trailer park." However, there is nothing in the record to support this assertion. The map of the trailer park referenced in Kingsley's brief was not a part of the evidence entered at the suppression motion hearing. Generally, we will not consider documents on appeal that were not before the circuit court at the time it made its decision. *See State v. Aderhold*, 91 Wis. 2d 306, 314, 284 N.W.2d 108 (Ct. App. 1979). In light of all of the above, we are not persuaded that the first *Dunn* factor weighs in favor of considering the street area in which Kingsley's vehicle was parked as part of his home's curtilage.

¶13 Applying the second *Dunn* factor, we next consider whether the area is included within an enclosure surrounding the home. *Dunn*, 480 U.S. at 301. Here, Kingsley's vehicle was not located inside any garage, fencing, or other enclosure, whereas in *Dumstrey*, the vehicle was located in a locked garage included within the enclosure of the apartment building. Nonetheless, the supreme court in *Dumstrey* concluded that it could not reasonably be contended that the entire apartment building, including the units of the other tenants, constituted part of Dumstrey's home for purposes of the Fourth Amendment. *Dumstrey*, 366 Wis. 2d 64, ¶39. Given the supreme court's analysis in *Dumstrey*, we conclude that the second *Dunn* factor weighs against considering the area where Kingsley's vehicle was parked as part of his home's curtilage.

¶14    We turn then to the third *Dunn* factor, which requires us to consider "the nature of the uses to which the area is put." *Dunn*, 480 U.S. at 301. In *Dumstrey*, the evidence showed that Dumstrey used the parking garage only for parking his vehicle and not for storing personal items or conducting personal activity. *Dumstrey*, 366 Wis. 2d 64, ¶42. He and other tenants of the apartment building also used the parking garage to access the elevator to get to various floors of the building. *Id.*, ¶38. Similarly, in this case, the street area on which Kingsley's vehicle was parked is used both for parking and for accessing homes on Dogwood Lane. Kingsley fails to persuade us that there is any meaningful distinction between *Dumstrey* and this case in terms of the use to which the area claimed as curtilage is put.

¶15    Finally, we turn to the fourth *Dunn* factor, which requires us to examine any "steps taken by the resident to protect the area from observation by people passing by." *Dunn*, 480 U.S. at 301. In *Dumstrey*, while the parking garage was shielded from the public at large, Dumstrey could not prevent other tenants who used the garage on a daily basis from entering and observing the area where he parked. *Dumstrey*, 366 Wis. 2d 64, ¶¶43-44. Here, the area where Kingsley's car was parked on Dogwood Lane was not shielded from the view of other residents of the street, nor was it shielded from access or observation by persons who might drive or walk onto that street from outside the trailer park. In short, the open street area claimed to be curtilage in this case was even less protected than the enclosed parking area in *Dumstrey*. Therefore, having applied all four *Dunn* factors, we reach the conclusion that Kingsley's vehicle was not within the curtilage of his home when police officers deployed a drug detection dog to sniff the space surrounding the vehicle. We therefore affirm the decision of the circuit court.

¶16 Kingsley also argues an additional issue on appeal. He asserts that the results of the dog sniff of the exterior of his vehicle did not provide probable cause for the warrantless search of the vehicle's interior because the record lacks facts to establish the dog's reliability. The State argues that Kingsley failed to raise this argument in the circuit court and, therefore, forfeited the issue. *See **State v. Huebner***, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727 ("Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal."). Kingsley acknowledges that he did not raise the issue in the circuit court, but requests that we nonetheless address it.

¶17 "Forfeiture is a rule of judicial administration, and whether we apply the rule is a matter addressed to our discretion." *See **State v. Kaczmarski***, 2009 WI App 117, ¶7, 320 Wis. 2d 811, 772 N.W.2d 702. Kingsley fails to present a compelling argument, beyond mere speculation, to persuade us that we should remand the case to the circuit court for an evidentiary hearing on the reliability of the drug detection dog. We fail to see a good reason to take up this forfeited issue, particularly since we lack a developed factual record to consider.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.