COURT OF APPEALS
DECISION
DATED AND FILED

January 26, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP144-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CF93

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

HAKEEM RAHEEM TUCKER,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: JOSEPH R. WALL, Judge. *Affirmed*.

Before Dugan, Graham and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Hakeem Raheem Tucker appeals a conviction, following a jury trial, of first-degree reckless homicide, first-degree reckless injury, and two counts of possession of a firearm by a felon.  Tucker argues that the circuit court violated his Fifth Amendment right against self-incrimination by compelling him to answer a question during a pretrial competency hearing about whether his memory was sufficient to assist in his defense.[1]  Tucker objected to the court's questioning on Fifth Amendment grounds, however he did not take any subsequent steps to obtain a ruling regarding the admissibility of his answer during the subsequent trial.

¶2      On appeal, Tucker argues that he is entitled to a new trial because his ultimate decision to waive his right to testify was "very likely" influenced by a concern that the State would impeach him with his compelled answer.  We conclude that Tucker forfeited the issue he raises on appeal by failing to seek a ruling from the circuit court about the admissibility of his answer at trial.  Accordingly, we affirm.

## BACKGROUND

¶3      The State charged Tucker with multiple crimes based on events that occurred on January 3, 2017, after he confronted his child's mother at her home in Milwaukee.  Prior to the preliminary hearing, Tucker's trial counsel raised the issue of whether he was competent to stand trial.[2]

---

[1] The Honorable Jeffrey A. Conen presided over the pretrial competency proceedings. The case was later transferred to the Honorable Joseph R. Wall, who presided over the trial and sentencing and entered the judgment of conviction.

[2] *See* WIS. STAT. § 971.13(1) ("No person who lacks substantial mental capacity to understand the proceedings or assist in his or her own defense may be tried, convicted or
(continued)

¶4 The circuit court ordered a competency evaluation, which was conducted by a board-certified psychiatrist. The psychiatrist noted that Tucker claimed to have no recollection of the events on the night in question, or most other points during his life. Among other things, he claimed not to recall his childhood, his family of origin, the reason he was in custody, or his interrogation by the police. The psychiatrist opined that Tucker was "simply claiming amnesia to avoid prosecution" and "feigning incapacity." In the psychiatrist's view, Tucker had the capacity to understand the proceedings and assist in his defense.

¶5 During the competency hearing that followed, Tucker declined to challenge the psychiatrist's report and attempted to withdraw his assertion that he was not competent to proceed. The circuit court explained that it was still required to make a legal determination of whether Tucker was competent to stand trial. It attempted to ask Tucker about his memory, but Tucker's counsel objected to the line of questioning on Fifth Amendment grounds. The court described its intended questioning as follows:

> Do I want to know what he remembers? No, I don't want him to tell me any of that. All I want him to talk to me about is whether he still claims amnesia and whether he remembers anything, not what he remembers. I have a right to do that. There is no Fifth Amendment right in a competency hearing with regard to those issues.

Trial counsel continued to object,[3] and the court ultimately ordered the parties to brief the issue.

---

sentenced for the commission of an offense so long as the incapacity endures."); WIS. STAT. § 971.14 (providing the procedure for competency proceedings). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[3] The exchange became tense at points. At one point, the circuit court told trial counsel, "We are not going to continue to go round and round and round on this thing. I will have you

(continued)

¶6 The circuit court held a second competency hearing on the issue, and it overruled trial counsel's continuing Fifth Amendment objection. According to the court, Tucker's answer to questions about whether he had sufficient memory to assist in his defense would not be material to Tucker's guilt or innocence. The court proceeded to question Tucker as follows:

> THE COURT: So, Mr. Tucker, do you have enough recollection -- and I want a "yes" or "no" answer only, no explanation -- do you have enough recollection that you believe that you could tell your lawyer things to be able to assist you in your defense? Yes or no?
>
> ….
>
> THE DEFENDANT: Can you explain what you're saying?
>
> THE COURT: Okay. Do you remember enough that you can tell your lawyer certain things to be able to help you in your defense?
>
> THE DEFENDANT: Somewhat.
>
> THE COURT: You think you can do that?
>
> THE DEFENDANT: I think I can do that.

For ease of reference, we refer to Tucker's response to this questioning as his "somewhat" answer.

---

removed and have somebody else come in on this case then." Counsel implied that the court was threatening to remove him from the case because he disagreed with the court as to whether Tucker should answer questions regarding his recollection, and the court said, "No, [it's] because I don't believe that you're properly representing your client at this point." The court later exclaimed, "I am not going to have this case come back sometime four years from now and have your client claim I didn't know what was going on because my lawyer just told me to say this, that, and the other thing." At yet another point, the court threatened to find trial counsel in contempt of court for instructing Tucker to not answer a question about his memory.

¶7 The circuit court did not say anything about whether Tucker's "somewhat" answer could be used at trial, and trial counsel did not ask for clarification on this point. Based on Tucker's answer and the psychiatrist's report, the court found that Tucker was competent to proceed.

¶8 The matter proceeded to a jury trial. Tucker's trial counsel filed a pre-trial motion seeking to suppress the statements that he made to the police after his arrest on the ground that they were not admissible because they were taken in violation of his Fifth Amendment rights. However, Tucker did not file any similar motion seeking to exclude the "somewhat" answer he gave during the competency proceeding.

¶9 Tucker elected not to testify in his defense during trial. His trial counsel represented that they had been over the pros and cons of testifying and had come to "a joint conclusion, my recommendation, his decision, that he will not testify." Trial counsel opined that Tucker's decision to waive his right to testify was knowing and voluntary. The circuit court then conducted a colloquy with Tucker and confirmed that his decision was freely, voluntarily, knowingly, and understandably made.

¶10 The jury found Tucker guilty of first-degree reckless homicide, first-degree reckless injury, and two counts of possession of a firearm by a felon. Tucker directly appealed his conviction without first filing a postconviction motion in the circuit court.

**DISCUSSION**

¶11 The Fifth Amendment to the United States Constitution provides that "[n]o person ... shall be compelled in any criminal case to be a witness against

5

himself." U.S. CONST. amend. V.[4]  This right is commonly referred to as the right to remain silent or the privilege against self-incrimination.  Persons may assert their Fifth Amendment right against self-incrimination in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.  *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972).  When a defendant has been compelled to give a statement that is both testimonial and incriminating, the compelled statement may properly be excluded in any subsequent criminal proceeding against the defendant. *See State v. Mark*, 2006 WI 78, ¶2, 292 Wis. 2d 1, 718 N.W.2d 90.

¶12     With this framework in mind, we now turn to the parties' arguments. Tucker asserts that the circuit court unconstitutionally compelled him to make an incriminating statement over his trial counsel's strenuous objections.  He contends that a defendant cannot be compelled to answer a question "[e]xcept by a grant of immunity," and that here, the court "never informed" him that "his statements could not be used against him, even on cross-examination, at trial."  Tucker argues that "the court's improper ruling compelling him to answer questions … very likely played in [his] decision not to testify."[5]  He cites *New Jersey v. Portash*, 440 U.S. 450 (1979), for the proposition that the remedy for the court's violation is to put him back "in the same position as if [his] right to remain silent had been honored."  Therefore, he asserts, he is entitled to a new trial "during which he can

---

[4] Similarly, the Wisconsin Constitution provides that "[n]o person … may be compelled in any criminal case to be a witness against himself or herself."  WIS. CONST. art. I, § 8.

[5] Specifically, he contends that the State would have used his answer to impeach him on the ground that he could only "somewhat" remember the events of the night in question.

make the decision whether to testify without worrying that the state may cross-examine him with regard to his compelled statements."

¶13     The State counters by arguing that the circuit court had the inherent right to ask Tucker questions so that it could rule on his competency as required by WIS. STAT. § 971.14(4)(b).  It further argues that Tucker's "somewhat" answer was neither compelled nor incriminating and that, even if the court's questioning violated the Fifth Amendment, any error would be harmless because the State never used his answer against him at trial.

¶14     We need not resolve these disputes between the parties because, we conclude, Tucker forfeited the issues that he raises on appeal by failing to seek a court order prohibiting the State from introducing his "somewhat" answer at trial. *See Schill v. Wisconsin Rapids Sch. Dist.*, 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177; *State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612.  Tucker argues that, "[a]lthough the circuit court never affirmatively ruled that Tucker's statements *could* be used against him, the court also never informed Tucker that his statement[s] *could not* be used against him."  (Emphasis added.)  However, Tucker ignores the fact that he could have asked for this ruling himself by filing a motion in limine seeking the exclusion of his statement—and that he was required to seek such a ruling to preserve the issue for appeal.[6]

¶15     As a general rule, when a party fails to raise an issue before the circuit court, the party forfeits that issue on appeal.  *See Schill*, 327 Wis. 2d 572,

---

[6] Our supreme court has held that evidentiary motions should be made before trial, but may also be made during trial at the court's discretion. *State v. Harper*, 57 Wis. 2d 543, 548, 205 N.W.2d 1 (1973).

¶45 & n.21. Although forfeiture "is a rule of judicial administration" and we have discretion to overlook a party's failure to raise an issue in the circuit court, *State v. Kaczmarski*, 2009 WI App 117, ¶7, 320 Wis. 2d 811, 772 N.W.2d 702, there are good reasons to apply the rule in many cases. The forfeiture rule "enable[s] the circuit court to avoid or correct any error with minimal disruption of the judicial process, eliminating the need for appeal." *Ndina*, 315 Wis. 2d 653, ¶30. It also "gives both parties and the circuit court notice of the issue and a fair opportunity to address the objection," "encourages attorneys to diligently prepare for and conduct trials," and "prevents attorneys from 'sandbagging' opposing counsel by failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal." *Id.*

¶16 The policies underlying the forfeiture rule favor its application in this case. Had Tucker sought a ruling from the circuit court that his "somewhat" answer was inadmissible and prevailed, Tucker would have been given the relief he now requests, eliminating the need for this appeal. That is, in his original trial, Tucker would have been able to decide whether to testify without allegedly "worrying that the coerced statements he made to the judge would be used to impeach him on cross-examination." Alternatively, if he did not prevail on his motion, Tucker would have preserved his right to appeal the court's ruling, and on appeal, we would benefit from a fully developed record of the court's decision for denying his motion.

¶17 Tucker relies heavily on *New Jersey v. Portash*, but that case helps illustrate why it is appropriate to apply the forfeiture rule in this case. In *Portash*, 440 U.S. 450, the defendant had previously been compelled to testify in a grand jury proceeding, and everyone agreed that his testimony could not be used against him in any subsequent criminal prosecution. *Id.* at 451-52. Portash was later

indicted, and prior to his trial, his attorney "sought to obtain a ruling from the trial judge that no use of the immunized grand jury testimony would be permitted" during the trial. *Id.* at 452. The judge denied the pre-trial motion. *Id.* Then, after the completion of the prosecution's case, Portash's attorney renewed his request for a ruling that the grand jury testimony would be inadmissible, and that motion was also denied. *Id.* At that point, the attorney stated that he would advise Portash not to take the stand because of the court's ruling. *Id. Portash* does not stand for the proposition that a defendant can forego a motion to exclude an allegedly compelled response from use during the trial, and then obtain a new trial on the ground that the response *may* have influenced the defendant's decision not to testify.

¶18 Finally, we note that Tucker had an additional opportunity to raise this issue. He could have filed a postconviction motion alleging that trial counsel was ineffective for failing to file a motion seeking a ruling regarding the admissibility of the "somewhat" answer. Tucker did not file any postconviction motions in the circuit court; therefore, he forfeited yet another opportunity to preserve his right to raise this issue on appeal.

## CONCLUSION

¶19 Accordingly, we conclude that Tucker has forfeited any entitlement to a new trial because he did not seek a ruling from the circuit court regarding the admissibility of his "somewhat" answer at trial. Therefore, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.