COURT OF APPEALS
DECISION
DATED AND FILED

**February 3, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2020AP2168**
**2021AP84**
**STATE OF WISCONSIN**

Cir. Ct. No. 2020CV208

**IN COURT OF APPEALS**
**DISTRICT IV**

NO. **2020AP2168**

ADS WASTE HOLDINGS, INC. AND ARCH INSURANCE CO.,
C/O GALLAGHER BASSETT SERVICE, INC.,

PLAINTIFFS-RESPONDENTS,

V.

LABOR AND INDUSTRY REVIEW COMMISSION,

DEFENDANT,

MATTHEW MARKOWSKI,

DEFENDANT-APPELLANT.

NO. **2021AP84**

ADS WASTE HOLDINGS, INC. AND ARCH INSURANCE CO.,
C/O GALLAGHER BASSETT SERVICES, INC.,

PLAINTIFFS-RESPONDENTS,

V.

**LABOR AND INDUSTRY REVIEW COMMISSION,**

   **DEFENDANT-APPELLANT,**

**MATTHEW MARKOWSKI,**

   **DEFENDANT.**

---

APPEALS from an order of the circuit court for Dodge County: MARTIN J. DeVRIES, Judge. *Reversed.*

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1   PER CURIAM.   Appellants Matthew Markowski and the Labor and Industry Review Commission appeal a circuit court order reversing the Commission's decision awarding worker's compensation benefits to Markowski. The appellants argue that the Commission's decision was supported by credible and substantial evidence in the record and, therefore, should be upheld. We agree. Accordingly, we reverse the order of the circuit court and affirm the Commission's decision.

## BACKGROUND

¶2   Markowski was employed as a driver by ADS Waste Holdings, Inc. His job duties included driving a truck to drop off and pick up dumpsters. On November 2, 2017, and again on November 13, 2017, in the course of performing

his work duties, Markowski injured his back, each time while getting out of his truck. More specifically, Markowski reported that on each occasion he caught his foot in the grating of the steps to the cab and felt an onset of pain in his low back. On both occasions, Markowski reported the injury to his employer on the same day as the injury.

¶3 Following the November 2017 incidents, Markowski saw his family physician, Dr. Stephen Lamberton. Dr. Lamberton noted that Markowski had undergone back surgery in 2012, which had involved a fusion at the L5-S1 disc level. Returning to the 2017-18 events, Markowski underwent an MRI at Dr. Lamberton's recommendation. Dr. Lamberton noted from his review of the MRI results that there was "a new disc issue at the L4-L5 level which correlates with the patient's symptoms." Dr. Lamberton referred Markowski to Dr. David Coran, an orthopedic surgeon.

¶4 Markowski saw Dr. Coran on January 18, 2018. Dr. Coran provided the following assessment: "Low back pain, lumbar radiculopathy, lumbar disk protrusion L4-L5 on the left, adjacent level to previous fusion L5-S1. Work related due to injury on 11/02/2017 when twisting and falling out of a truck." Markowski underwent surgery by Dr. Coran on May 14, 2018. The surgery was performed at the "L4-5" disc level.

¶5 Markowski filed an application for a worker's compensation hearing, alleging that he sustained low back injuries on November 2, 2017, and November 13, 2017, in the course of his employment. The respondents, ADS Waste Holdings and Arch Insurance Company, disputed the claims. The case was heard by an administrative law judge (ALJ), who issued a decision finding that Markowski had sustained the claimed injuries at work and that he is entitled to

payment of worker's compensation benefits. The respondents appealed the ALJ's decision to the Commission, which affirmed the ALJ's findings of fact and conclusions of law and adopted them as its own.

¶6    The respondents then filed a complaint in the Dodge County Circuit Court, seeking judicial review of the Commission's decision. The circuit court reversed and remanded the Commission's decision and dismissed Markowski's hearing application. Markowski and the Commission appeal.

## DISCUSSION

¶7    As a threshold matter, we address the respondents' argument that the Commission forfeited any merits-based argument in defense of its decision because it did not file a merits brief in the circuit court.[1] Generally, an issue not presented to the circuit court will not be considered for the first time on appeal. *Town of Burnside v. City of Independence*, 2016 WI App 94, ¶18, 372 Wis. 2d 802, 889 N.W.2d 186. We will assume, without deciding the issue, that the Commission's failure to file a brief in the circuit court was a forfeiture of any merits-based argument that it could have raised there. However, "[f]orfeiture is a rule of judicial administration, and whether we apply the rule is a matter addressed to our discretion." *State v. Kaczmarski*, 2009 WI App 117, ¶7, 320 Wis. 2d 811, 772 N.W.2d 702.

---

[1] The Commission filed a short answer in the circuit court to the respondents' complaint. The answer stated, in general terms, that it had not erred and that the respondents were not entitled to relief. The circuit court set a briefing schedule by court order. The order informed the parties that, unless otherwise directed by the court, the case would be decided on the record and briefs, without oral argument. The plaintiffs jointly filed a brief in support of the complaint, and defendant Markowski filed a response brief in opposition. The Commission did not file a brief. Instead, it requested that the circuit court stay the briefing schedule and remand the record for further proceedings. The circuit court denied these requests.

¶8      Here, in an exercise of our discretion, we elect not to apply the rule of forfeiture.  In an appeal of a worker's compensation judicial review action like this one, we review the Commission's decision, and not the circuit court's.  *See City of Kenosha v. LIRC*, 2011 WI App 51, ¶7, 332 Wis. 2d 448, 797 N.W.2d 885.  The Commission's failure to file a merits brief in the circuit court, therefore, has no practical effect on our decision.  We conclude that this is an appropriate case in which to disregard the rule of forfeiture and address the Commission's arguments on their merits.  *See State ex rel. Universal Processing Servs. of Wisconsin, LLC v. Circuit Ct. of Milwaukee Cnty.*, 2017 WI 26, ¶53, 374 Wis. 2d 26, 892 N.W.2d 267 ("reviewing court may disregard a waiver or forfeiture and address the merits of an unpreserved issue in an appropriate case").

¶9      Turning to the parties' arguments on the merits, the appellants argue that the Commission's decision awarding worker's compensation benefits to Markowski should be upheld because the Commission's findings are supported by credible and substantial evidence.  *See Cargill Feed Div./Cargill Malt and AIG Cas. Co. v. LIRC*, 2010 WI App 115, ¶13, 329 Wis. 2d 206, 789 N.W.2d 326 ("The Commission's factual findings are conclusive as long as they are supported by credible and substantial evidence."); *see also* WIS. STAT. § 102.23(1)(a)1. (2019-20) ("findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive").[2]

¶10      The respondents argue that the Commission's decision was properly set aside by the circuit court.  The respondents assert that, in making its decision,

_____

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

the Commission relied on conclusions made by Dr. Coran that are not supported by facts in the record. The respondents point out that, under ***Pressed Steel Tank Co. v. Industrial Comm'n***, 255 Wis. 333, 335, 38 N.W.2d 354 (1949), "[w]hen it appears that the assumed facts do not exist or are not proven, the opinion based thereon must be disregarded." Based on this legal rule, the respondents assert that the Commission should have disregarded Dr. Coran's opinion as to the causation of Markowski's injuries because the record purportedly reflects that Dr. Coran lacked a full understanding of Markowski's pre-existing condition related to his 2012 lumbar fusion and also lacked knowledge of the details of both of the November 2017 workplace injuries.

¶11 We do not agree with the respondents that Dr. Coran's opinion was based on non-existent or unproven facts. Thus, the respondents' reliance on ***Pressed Steel*** is misplaced. Our examination of the administrative record shows that the Commission's decision is supported by credible and substantial evidence and, therefore, must be upheld. "Substantial evidence is less of a burden than preponderance of the evidence in that any reasonable view of the evidence is sufficient." ***Bernhardt v. LIRC***, 207 Wis. 2d 292, 298, 558 N.W.2d 874 (Ct. App. 1996). Our role on appeal is to search the record for evidence supporting the Commission's factual determinations, not to search for evidence that would undermine them. *See **Vande Zande v. DILHR***, 70 Wis. 2d 1086, 1097, 236 N.W.2d 255 (1975).

¶12 The administrative record shows that the Commission found credible Dr. Coran's opinion that Markowski's November 2017 work injuries "precipitated, aggravated, and accelerated" his pre-existing "L4-L5 disc condition beyond its normal progression." The Commission accepted Dr. Coran's expert opinion and rejected the opinion of the respondents' expert, Dr. Richard Karr. As

6

the Commission states in its brief, this case involves a quintessential "battle of the experts" of the type that is common in worker's compensation cases. The Commission, and not this court, is the sole judge of the weight and credibility of witnesses offering medical testimony, and it is the Commission's role to reconcile any conflicts or inconsistencies. *Wisconsin Ins. Sec. Fund v. LIRC*, 2005 WI App 242, ¶18, 288 Wis. 2d 206, 707 N.W.2d 293. The Commission did so here, and it found that Dr. Coran's testimony was credible, but rejected the opinion of Dr. Karr.

¶13    On review, we search the record for "'any credible evidence in the record'" to support the Commission's finding. *Id.* (quoting *Valadzic v. Briggs & Stratton Corp.*, 92 Wis. 2d 583, 592-94, 286 N.W.2d 540 (1979)). Our search reveals credible and substantial evidence that Dr. Coran's causation opinion was based upon knowledge of Markowski's 2012 surgery and recovery, as well as his awareness of both November 2017 workplace injuries. Dr. Coran's clinical notes from his first appointment with Markowski on January 18, 2018, state that Markowski had "a history of a lumbar fusion in 2012." Markowski testified at the worker's compensation hearing that he told Dr. Coran at his initial appointment about both of his November 2017 workplace injuries. Markowski stated, "I remember telling him about both injuries, and I told him at the time that I did not … know if it was being treated as 2 separate injuries or one." The Commission reasonably inferred that the similarity of the two injuries led Dr. Coran to refer to only one of the injury dates, November 2, 2017, in his clinic notes. "When one or more inferences may be drawn from the evidence, the drawing of one of such permissible inferences by the commission is an act of fact-finding, and the inference is conclusive on the court." *Farmers Mill of Athens, Inc. v. DILHR*, 97 Wis. 2d 576, 580, 294 N.W.2d 39 (Ct. App. 1980).

¶14 Further support for the Commission's finding that Dr. Coran was aware of both of Markowski's November 2017 injuries can be found within a form that Dr. Coran completed on December 17, 2018. On that form, Dr. Coran stated, "The patient describes two injuries to his back in November 2017 (11-2-17 and 11-13-17) when his foot got caught on a step of his work truck." The Commission could properly rely on this form, a certified document, as credible evidence that Dr. Coran's causation opinion was based on his knowledge of both injuries.

¶15 To summarize, the record contains substantial evidence to support the Commission's decision, including its finding with respect to the credibility of the medical opinion of Dr. Coran regarding the causation of Markowski's injuries. This settles the only issue on appeal, because we do not substitute our judgment for that of the Commission with respect to witness credibility or the weight to be accorded the evidence supporting any finding of fact. *See **Bernhardt***, 207 Wis. 2d at 298. Accordingly, we reverse the order of the circuit court and affirm and reinstate the decision of the Commission.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.