# COURT OF APPEALS
# DECISION
# DATED AND FILED

## August 17, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP68**

STATE OF WISCONSIN

Cir. Ct. No. **2022SC2494**

IN COURT OF APPEALS
DISTRICT IV

RICHARD DONAHUE,

PLAINTIFF-APPELLANT,

V.

JEFFERY DEVLIN,

DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Rock County: KARL HANSON, Judge. *Affirmed*.

¶1 KLOPPENBURG, P.J.[1] When the circuit court issued a writ of restitution ordering the eviction of Jeffery Devlin from the residence that he had

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

been renting from Richard Donahue, the court stayed the writ for fourteen days, from January 4 to January 18, "due to hardship" arising from wintry weather and the difficulty of finding "another place to go." Donahue, by counsel, appeals and argues that the court erred in issuing the stay. I conclude that Donahue has forfeited his challenges and, therefore, affirm the circuit court.

¶2      Before discussing the merits of Donahue's appeal, I address whether this court can decide the appeal without a brief from Devlin. Devlin did not file a respondent's brief as required by the rules of appellate procedure and the delinquency notice previously issued by the clerk of this court. WISCONSIN STAT. § 809.83(2) provides: "Failure of a person to comply with a court order or with a requirement of these rules ... does not affect the jurisdiction of the court over the appeal but is grounds for ... summary reversal ... or other action as the court considers appropriate." In cases where the respondent fails to file a brief, this court has the authority to issue summary reversal. *See State ex. rel. Blackdeer v. Township of Levis*, 176 Wis. 2d 252, 259-60, 500 N.W.2d 339 (Ct. App. 1993) (summary reversal is an appropriate sanction for a respondent's violation of briefing requirements). Whether to grant summary reversal as a sanction against a party who fails to file a brief is a decision left to this court's discretion. *See Raz v. Brown*, 2003 WI 29, ¶14, 260 Wis. 2d 614, 660 N.W.2d 647 ("A decision by the court of appeals to grant summary reversal as a sanction against a party who fails to file a brief by the date due involves an exercise of discretion."). I have determined that this appeal does not warrant summary reversal. I therefore decide the appeal based solely on review of appellant Donahue's brief and the record.

¶3      Donahue entered into a lease agreement with Devlin in August 2022, which provided for a month-to-month tenancy. The lease also provided that, "Written notice must be received by the other party at least twenty-eight (28) days

prior to the ending of a month to month tenancy." Devlin lived in the leased premises with his two-year-old child. On October 28, 2022, Donahue provided Devlin with notice that he intended to terminate Devlin's tenancy effective November 30, 2022, thirty-three days later. Devlin failed to vacate the premises by November 30, and, on December 2, Donahue filed a small claims summons and complaint seeking a judgment of eviction against Devlin.

¶4     The circuit court held an eviction hearing on January 4, 2023. Donahue and Devlin, both appearing pro se, testified at the hearing. The circuit court found that it was undisputed that the tenancy was month-to-month and that the 28-day notice of termination of the tenancy was properly served. Accordingly, the court granted the judgment of conviction and issued a writ of restitution.

¶5     As stated, the circuit court ordered that the writ of restitution be stayed for fourteen days, from January 4 to January 18, 2023, explaining that it was doing so "due to hardship" arising from wintry weather and the difficulty of finding "another place to go." The court signed the writ with the stay at the conclusion of the hearing.

¶6     On January 9, 2023, Donahue filed a "ledger" indicating unpaid rent and related charges as of January 8, along with an affidavit of noncompliance. The circuit court signed a writ of restitution without a stay on January 20. On January 30, the Rock County Sheriff's Office returned the writ, unexecuted, indicating that the Sheriff's Office had received it on January 23 and that the plaintiff "cancelled" it.

¶7     Under WIS. STAT. § 799.44(1), "In an eviction action, if the court finds that the plaintiff is entitled to possession, the court shall immediately enter an order for judgment for the restitution of the premises to the plaintiff." Under

3

§ 799.44(3), at the time of ordering judgment, the court may stay the issuance of the writ by no more than thirty days, "upon application of the defendant with notice to the plaintiff … in cases where it determines hardship to exist." The stay "shall be conditioned upon the defendant paying all rent or other charges due and unpaid at the entry of judgment and upon the defendant paying the reasonable value of the occupancy of the premises … during the period of the stay upon such terms and at such times as the court directs." Sec. 799.44(3). If the defendant fails to perform any of the conditions, "the plaintiff may file an affidavit … stating the facts of such default, and the writ of restitution may forthwith be issued." *Id.*

¶8 On appeal, Donahue argues that the circuit court erred when it stayed the writ of restitution for three reasons: (1) the court ordered the stay without application of Devlin and without notice to Donahue; (2) the court determined hardship without taking evidence on the issue; and (3) the court did not require payment of back rent and the reasonable value of the occupancy during the period of the stay.

¶9 The record establishes that Donahue failed to raise these arguments in the circuit court. This court generally does not consider issues raised for the first time on appeal. *See State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727; *State Farm Mut. Auto. Ins. Co. v. Hunt*, 2014 WI App 115, ¶32, 358 Wis. 2d 379, 856 N.W.2d 633. I conclude that Donahue has both forfeited his right to raise these arguments on appeal and fails to provide a persuasive reason that this court should entertain the arguments despite his failure to preserve them in the circuit court.

¶10 When, as here, a party fails to specifically raise an issue before the circuit court in a manner that allows the court to address the issue and correct any

potential error, the party forfeits that issue on appeal. *See Schill v. Wisconsin Rapids Sch. Dist.*, 2010 WI 86, ¶45 and n.21, 327 Wis. 2d 572, 786 N.W.2d 177. Although forfeiture "is a rule of judicial administration" and this court has discretion to overlook it, *State v. Kaczmarski*, 2009 WI App 117, ¶7, 320 Wis. 2d 811, 772 N.W.2d 702, there are good reasons to apply the rule in many cases. Among other things, the rule requiring litigants to raise issues in the circuit court "gives both parties and the circuit court notice of the issue[s] and a fair opportunity" to address them, and it "enable[s] the circuit court to avoid or correct any error with minimal disruption of the judicial process, eliminating the need for appeal." *State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612 (footnote omitted).

¶11 Those reasons clearly exist here. If Donahue had raised his arguments in the circuit court, the circuit court and the parties could have directly addressed them, and there may have been no need for the parties or this court to spend time on them on appeal. *See State v. Huebner*, 2000 WI 59, ¶12, 235 Wis. 2d 486, 611 N.W.2d 727 ("Raising issues at the trial court level allows the trial court to correct or avoid the alleged error in the first place, eliminating the need for appeal. It also gives both parties and the trial judge notice of the issue and a fair opportunity to address the objection." (citation omitted)).

¶12 "A fundamental appellate precept is that we 'will not … blindside trial courts with reversals based on theories which did not originate in their forum.'" *Schonscheck v. Paccar, Inc.*, 2003 WI App 79, ¶11, 261 Wis. 2d 769, 661 N.W.2d 476 (quoting *State v. Rogers*, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995)); *see also Townsend v. Massey*, 2011 WI App 160, ¶25, 338 Wis. 2d 114, 808 N.W.2d 155 ("[T]he fundamental forfeiture inquiry is whether a legal argument or theory was raised before the circuit court, as opposed to being

raised for the first time on appeal in a way that would blindside the circuit court." (internal quotation marks omitted)). This court declines to consider new arguments or theories when doing so would "seriously undermine the incentives parties now have to apprise circuit courts of specific arguments in a timely fashion so that judicial resources are used efficiently and the process is fair to the opposing party." *Id.*, ¶26. Donahue's failure to raise his arguments in the circuit court deprived the circuit court of an opportunity to correct any error.

> *By the Court.*—Judgment affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.